UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

3Lions Publishing, Inc.
Plaintiff,

                                      Case No.:

v.                                        JURY DEMANDED

HIPAA Compliance Services, LLC
Defendant.

_____/

## ORIGINAL COMPLAINT

Comes now Plaintiff 3Lions Publishing, Inc. ("3LP") with its Complaint against HIPAA Compliance Services, LLC, ("HCS"), and states as follows:

### INTRODUCTION

1.      This is an action for Trademark Infringement pursuant to 15 U.S.C. §1114, §1116, §1117 and §1125.

### PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff 3Lions Publishing, Inc. is a corporation registered in the State of Florida that provides, *inter alia*, information, solutions and guidance to the healthcare industry regarding the implementation of safeguards to comply with the Health Insurance Portability and Accountability Act ("HIPAA").

3.      Upon information and belief Defendant HCS is a state of Delaware, LLC that describes itself as an "a step-by-step, easily understandable HIPAA approach that nearly any support staff can implement."

4. Upon information and belief, at all times material hereto, Defendant HCS operated through the acts of its employees, agents, representatives, servants, and the like, acting within their course of employment and scope of duties.

5. This Complaint alleges Trademark Infringement pursuant to 15 U.S.C. §1114, §1116, §1117 and §1125.

6. This Court has subject matter jurisdiction over this federal question claim pursuant to 28 U.S.C. § 1331 ("Federal Question") and under 28 U.S. Code § 1338(a) ("trademark").

7. This Court has personal jurisdiction over Defendant because Defendant's tortious acts of trademark infringement all occurred either directly or indirectly within this jurisdiction, as well as throughout the United States, and/or was specifically targeted at this jurisdiction. Defendant knew, or should have known, that its acts of trademark Infringement targeted this jurisdiction and/or would have a direct impact on persons or entities located in this jurisdiction where the intellectual property was created, is stored and where the subject matter of this action resides.

**ALLEGATIONS COMMON TO ALL COUNTS**

8. On or about March 4, 2019, 3LP, via counsel, notified HCS of the First Notice of Trademark Infringement which included 3LP's USPTO trademark registration ("Mark") and examples of HCS's trademark infringement. *See* Exhibit A, First Notice of Trademark Infringement.

9. 3LP never entered into any agreement with Defendant that would permit Defendant to adapt or otherwise use the Mark; therefore, Defendant possesses no rights whatsoever in the Mark, including any of the exclusive rights owned by 3LP under the Lanham

Act.

10. The success of 3LP's business is almost entirely dependent on 3LP's intellectual property, including its copyrighted works and trademarks; therefore, the infringing activity described herein materially threatens 3LP's business and the investments made in its eight plus years of its existence.

11. The Internet, although a vast resource of knowledge and an indispensable communications tool, is also a sanctuary for trademark infringement. In order to protect their trademarks, trademark owners must remain ever vigilant and must swiftly and forcefully enforce their trademark, otherwise their rights and commercial value in their trademark may extinguish. Here Defendant has blatantly committed trademark infringement on its website located at https://www.hipaacomplianceservices.com/hipaa-survival-kit/ and https://www.hipaacomplianceservices.com/endorsements/. *See* Exhibit B, HCS webpages.

**Defendants' Conduct**

12. Upon information and belief Defendant's website ("Site") used the Mark in order to sell its healthcare compliance products and services in direct violation of 15 U.S.C. §1114, and §1125. HCS receives a financial benefit directly attributable to the infringing activity.

13. Upon information and belief, the unlawful use of 3LP's Mark enables Defendant to attract larger amounts of internet traffic, often by misleading consumers into believing they are associated, affiliated with or authorized by 3LP. *See* Exhibit C, Plaintiff's trademark registration ("Registration"). 3LP'S Mark was first used in commerce in 2009 even though its Registration states otherwise. *See* Exhibit D, Internet Archive first capture of www.hipaasurvivalguide.com, 2009; *see also* Exhibit E, HIPAA Survival Guide Second Edition, 2009; Exhibit F, WHOIS search results for "HIPAA Survival Guide 2009; Exhibit G, samples of

sales under the mark; <u>Exhibit H</u>, transfer of intellectual property ownership. Further, the Registration is in the process of being corrected. *See* <u>Exhibit I</u>, Application to Correct Registration.

14. Upon information and belief, Defendant's acts of trademark infringement were willful and deliberate, in reckless disregard of 3LP's Mark, and intended for its own economic gain, without consideration for processes and safeguards that would have protected the rights of trademark holders. 3LP suffered actual damages as a result of Defendant's infringement.

### Count I – False Designation of Origin
### 15 U.S.C. § 1125

15. 3LP incorporates by reference all the allegations set forth in ¶¶ 1-14 as if fully set forth herein.

16. Defendant's conduct as recited herein, including its use of names and marks on and in connection with its Site, constitutes a false designation of origin in that the use of the term "HIPAA" and "Survival Kit" on your website which is confusingly similar to "HIPAA Survival Guide" and is likely to cause confusion, to cause mistake, or deceive others as to the affiliation, connection, or association of Defendant with 3LP, or as to the origin, sponsorship, or approval of commercial activities with 3LP. No sponsorship or approval of Defendant's conduct has been granted by 3LP. Such conduct constitutes a violation of 15 U.S.C. § 1125.

17. Upon information and belief, such conduct is willful and intentional.

18. Upon information and belief, such conduct by Defendant may be ongoing and will continue to the irreparable damage to 3LP, unless enjoined by the court, 3LP is without a full and adequate remedy at law.

## **Count II – Trademark Infringement**
## **15 U.S.C. § 1114, § 1125**

19.     3LP incorporates by reference all the allegations set forth in ¶¶ 1-14 as if fully set forth herein.

20.     3LP is the owner of the "HIPAA Survival Guide" Mark.

21.     For nearly a decade, 3LP has used the Mark continuously in commerce on its website, located on the Internet at www.hipaasurvivalguide.com, and all its store front, located on the Internet at store.hipaasurvivalguide.com; the Mark is widely known throughout the United States. *See* Exhibit D, Internet Archive first capture of www.hipaasurvivalguide.com, 2009.

22.     3LP has spent tens of thousands of dollars advertising and promoting the Mark and the works bearing same.

23.     3LP has marketed and sold hundreds of thousands of dollars of works under the "HIPAA Survival Guide" Mark.

24.     As a direct result of the aforementioned use, promotion, and advertisement of the Mark, 3LP has built up and owns valuable goodwill symbolized by same.

25.     Defendant's conduct, as averred herein including using and reproducing the Mark in commerce in connection with enhancing its ability to sell goods and services through the unauthorized use of the Mark, constitutes infringement of the Mark in violation of 15 U.S.C. §§ 1114 and 1125 of the Lanham Act.

26.     Upon information and belief, the conduct of Defendant has been and is willful and deliberate.

27.     Defendant's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, 3LP great and irreparable injury that cannot fully be compensated in money. 3LP has no adequate remedy at law.

## JURY DEMAND

3LP requests a trial by jury on all issues to which it is entitled to a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, 3LP respectfully requests that the Court:

### Count I & II – Trademark Infringement

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe 3LP's Mark;

(B) Grant to 3LP an award and accounting of Defendant's profits, any damages sustained upon 3LP, and that all profits or damages be trebled, the costs of this action, and 3LP's attorneys' fees, pursuant to 15 U.S.C. § 1117.

### Designation of Place of Trial

3LP hereby designates Tampa, Florida as the place of trial of the above styled matter.

Respectfully submitted,

By: /s/ Carlos A. Leyva
Carlos A. Leyva
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
3958 Talah Dr.
Palm Harbor, FL 34684
Phone:  (800) 516-7903
Fax:     (800) 257-9128
Email: cleyva@digitalbusinesslawgroup.com

**ATTORNEY FOR PLAINTIFF
3LIONS PUBLISHING INC.**